UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALVIN SHEROY TERRELL** | : | **CIVIL ACTION NO. 2:13-cv-2545** |
| **FED. REG. NO. 53907-019** | | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **WARDEN C. MARIANO** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Alvin Terrell filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. § 2241 on August 26, 2013. Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the matter be **DISMISSED WITH PREJUDICE.**

### *Background*

The pleadings and exhibits filed in connection with this matter, as well as information gathered from matters pertaining to petitioner in other courts, show that petitioner was found guilty in the United States District Court, Northern District of Georgia, in May of 2004 of unlawful possession of a firearm by a convicted felon, a violation of 18 U.S.C. §§ 922(g) and 924(e). Doc. 1, p. 2. The presentence investigation report listed nine previous convictions including a state burglary conviction that was the underlying offense related to the instant conviction. Doc. 1, att. 1, pp. 3-16. Petitioner was sentenced as an armed career criminal under

18 U.S.C. § 924(e) to two hundred and sixty-two months imprisonment. Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the Northern District of Georgia which was denied. *Terrell v. United States*, No. 1:06-cv-2735 (N.D. Ga. 2007).

In his current *habeas* petition, petitioner contends that the sentence enhancement pursuant to 18 U.S.C. § 924(e) for being an armed career criminal was improperly applied. He relies on the recent ruling by the U.S. Supreme Court in *Descamps v. United States*, 133 S.Ct 2276 (2013) in support of his argument that his prior burglary convictions do not qualify as crimes of violence under the penalty enhancement of 18 U.S.C. § 924(e). Thus, petitioner claims that he is actually innocent of being an armed career criminal.

Petitioner also argues that the court should reduce his sentence in accordance with the Supreme Court's ruling in *Begay v. United States,* 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), which he submits should be applied retroactively as the Eleventh Circuit found in case of *Bryant v. Warden*, 738 F.3d 1253 (11th Cir.2013).

## *Law and Analysis*

*Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). A motion to vacate filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990). Here, petitioner collaterally attacks the legality of his conviction and sentence, not the manner in which his sentence is being executed. Accordingly, his claim is more appropriately raised in a § 2255 Motion to Vacate.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not entitle a petitioner to § 2241 relief. *Jeffers,* 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir.2000).

The first factor enumerated above requires that a retroactively applicable Supreme Court decision establish that the petitioner is "actually innocent," or convicted for conduct that did not constitute a crime, that petitioner may have been imprisoned for conduct that was not prohibited by law. *Jeffers*, 253 F.3d at 830, citing *Reyes–Requena*, 243 F.3d at 903-04.

In the case at bar, Petitioner argues that his prior state burglary conviction does not meet the federal generic definition of the crime, making him actually innocent of being an armed career criminal under 18 U.S.C. § 924(e). However, the Fifth Circuit has disallowed claims of actual innocence of being a career offender under the savings clause. *See In re Bradford*, 660

F.3d 226, 230 (5th Cir.2011); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir.2000). "[A] claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under Section 2241." *Bradford*, 660 F.3d at 230.

Further, Petitioner's reliance on *Descamps*, *supra*, in support of his actual innocence claim does not provide the relief that he is seeking. Specifically, the Supreme Court has not declared that decision to be retroactively applicable on collateral review. *See Randolph v. United States*, 2013 WL 5960881 (D. Md. Nov. 6, 2013) ("The Supreme Court has not, however, indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); *Roscoe v. United States*, 2013 WL 5636686 (N.D. Ala. Oct. 16, 2013) (noting the Supreme Court has not made *Descamps* retroactively applicable on collateral review); *Strickland v. English*, 2013 WL 4502302 (N.D. Fla. Aug. 22, 2013) (finding that "*Descamps* does not open the § 2241 portal to review [the] claim under the savings clause."). The Supreme Court has unequivocally stated "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001).

Petitioner's reliance on the Supreme Court's decision in *Begay* fares no better. In *Begay*, the Supreme Court held that a conviction for driving under the influence of alcohol was not a violent felony within the meaning of the residual clause of the Armed Career Criminal Act. While Petitioner cites *Bryant v. Warden*, 738 F.3d 1253 (11th Cir.2013), which found that *Begay* applied retroactively in that case, we must follow the Fifth Circuit which has stated that "*Begay* is not retroactively applicable to cases on collateral review." *Morales v. Tamez*, 467 F. App'x 285, 286 (5th Cir.2012)(unpublished).

*Conclusion*

Petitioner's claims do not meet the stringent requirements of the savings clause. As such, his claims are not properly brought under Section 2241, and this court lacks jurisdiction to consider his claims under Section 2255. Therefore, his *habeas* petition attacking his federal sentence should be denied.

**THEREFORE**,

**IT IS RECOMMENDED** that petitioner's petition for writ of *habeas corpus* be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 12th day of June, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE